UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JONATHAN C. SMITH,  Plaintiff,  v.  UNITED STATES MARINE CORPS, et al.,  Defendants. | **MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT**  Case No. 2:21-cv-00387  Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Jonathan C. Smith filed this action against the United States Marine Corps, Deputy Warden Powell, Deputy Warden Newman, Deputy Warden Bussic, and the Utah Department of Corrections. (Doc. No. 1.) Mr. Smith was later granted leave to proceed *in forma pauperis* in this case. (Doc. No. 24.) Having reviewed Mr. Smith's complaint under 28 U.S.C. § 1915, the court ORDERS Mr. Smith to file an amended complaint by **May 9, 2022**.

### LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if the court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

1

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).  But the court need not accept the plaintiff's conclusory allegations as true.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

Because Mr. Smith proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110.  Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v.*

*Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Mr. Smith's complaint lacks coherent factual allegations and does not give the defendants fair notice of the nature and basis of his claims. Mr. Smith repeats the following statement (with slight variations) after listing each defendant: "I[']m under conspiracy, [there] are three Bills in Act and the Bill 4191 is activated against my Bill 4192. I am toothed, conspiracy." (Compl., Doc. No. 1 at 2–3.) Mr. Smith describes his causes of action as "[his] constitutional rights," and he checked boxes on the form complaint indicating he is bringing claims under 42 U.S.C §§ 1983 and 1985. (*Id.* at 1, 4–5.) In the space for supporting facts, he states as follows: "Home of the Brave Act[.] All events are journaled with Defendants and facts of the Act. I[']m telling a lie. Conspiracy. Jenica James 8/16/19 4:00 PM—9:00 PM tooth." (*Id.* at 4–5.) He also states "[a]ll evidence will be provided upon hearing." (*Id.* at 4.) Finally, he states "ass[a]ult by officer," without further elaboration. (*Id.* at 5.) Mr. Smith seeks "rel[ief] from all criminal charges" and monetary damages. (*Id.* at 6–7.)

Mr. Smith's vague, incoherent allegations fail to state a claim under 42 U.S.C. § 1983 or § 1985, or any other plausible claim for relief.  Section 1983 permits a plaintiff to sue state officials who violate his constitutional or federally protected rights.  *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).  However, to assert a viable claim under § 1983, a plaintiff must "identify specific actions taken by particular defendants" in violation of his rights.  *Id.* at 1226 (alterations in original) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).  Mr. Smith fails to identify any action taken by particular named defendants in violation of his federal rights.  Section 1985 prohibits certain conspiracies to interfere with civil rights.  42 U.S.C. § 1985.  But to state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."  *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983).  Mr. Smith merely repeats the word "conspiracy" throughout his complaint, but he fails to allege any specific facts to support a claim for conspiracy under section 1985.  As a whole, Mr. Smith's allegations are unintelligible and insufficient to support any recognized legal claim.

In sum, Mr. Smith's complaint is subject to dismissal because it fails to state a claim on which relief may be granted.  His complaint also fails to comport with Rule 8 because it does not give the defendants fair notice of the nature of basis of his claims.  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).  Accordingly, the court gives Mr. Smith an opportunity to amend his complaint.

## CONCLUSION

The court ORDERS as follows:

1. Mr. Smith is ordered to file an amended complaint by **May 9, 2022**. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

3. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's March 28, 2022 order, (Doc. No. 24), remains in place.

4. Failure to file an amended complaint may result in dismissal of this action.

DATED this 18th day of April, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge