UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JONATHAN C. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARINE CORPS, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL (DOC. NO. 27), DENYING MOTION FOR SERVICE OF PROCESS (DOC. NO. 31), AND DISMISSING ACTION WITH PREJUDICE**<br><br>Case No. 2:21-cv-00387<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Jonathan C. Smith filed this action against the United States Marine Corps, Deputy Warden Powell, Deputy Warden Newman, Deputy Warden Bussio, and the Utah Department of Corrections.[1] Mr. Smith was later granted leave to proceed *in forma pauperis* in this case.[2] After screening Mr. Smith's complaint under 28 U.S.C. § 1915(e)(2)(B) and

---

[1] (*See* Compl., Doc. No. 1.)

[2] (*See* Order Granting Mot. to Proceed *in Forma Pauperis* and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 24.) Although he paid the initial filing fee, Mr. Smith later moved for leave to proceed *in forma pauperis* (IFP). (*See* Doc. No. 12.) Because Mr. Smith had failed to serve the defendants despite receiving an extension of time to do so, (*see* Doc. No. 8), and because service could be effectuated by the court pursuant to 28 U.S.C. § 1915(d) if IFP status were granted, the court considered Mr. Smith's motion. The court notified Mr. Smith that, if he were granted IFP status, his complaint would be screened under 28 U.S.C. § 1915(e) and, if the case was not dismissed, the court would then effectuate service of process. (*See* Order, Doc. No. 14.) Following this order, Mr. Smith continued to pursue IFP status and eventually submitted an amended motion for leave to proceed IFP, (Doc. No. 23), which was granted, (*see* Doc. No. 24).

1

identifying deficiencies, the court[3] ordered Mr. Smith to file an amended complaint.[4]  Mr. Smith timely filed an amended complaint.[5]  Mr. Smith also moved for appointment of counsel and service of process.[6]

Upon review under 28 U.S.C. § 1915(e)(2)(B), it is evident Mr. Smith's amended complaint fails to state a plausible claim for relief and further opportunities to amend would be futile.  Mr. Smith's motions for appointment of counsel and service of process[7] are denied, and this action is dismissed with prejudice.

## LEGAL STANDARDS

When the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint fails to state a claim on which relief may be granted.[8] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious

---

[3] Mr. Smith consents to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the District of Utah's General Order 20-034.  (Doc. No. 35.)

[4] (*See* Mem. Decision and Order to Am. Compl., Doc. No. 25.)

[5] (*See* Am. Compl., Doc. No. 26.)

[6] (*See* Doc. Nos. 27, 31.)  The motion for service also appears to contain a contradictory request to close the case.  (*See* Doc. No. 31.)  The court ordered Mr. Smith to clarify his intentions by filing either a notice of voluntary dismissal or a notice stating he intends to proceed with the case, and notified him the amended complaint would be screened if he proceeded.  (*See* Doc. No. 33.)  Mr. Smith subsequently filed a notice indicating he intends to proceed with the case.  (Doc. No. 34.)  Accordingly, the court proceeds with screening under 28 U.S.C. § 1915.

[7] (Doc. Nos. 27, 31.)

[8] 28 U.S.C. § 1915(e)(2)(B)(ii).

that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[9]

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[11] The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[12] But the court need not accept the plaintiff's conclusory allegations as true.[13] "[A] plaintiff must offer specific factual allegations to support each claim."[14] A complaint is frivolous where "it lacks an arguable basis either in law or in fact."[15]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[16]

---

[9] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

[10] *Id.*

[11] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[12] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[15] *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[16] Fed. R. Civ. P. 8(a)(2).

and provides that "[e]ach allegation must be simple, concise, and direct."[17] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[18] The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[19]

Because Mr. Smith proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[20] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[21] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[22] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[23] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[24]

---

[17] Fed. R. Civ. P. 8(d)(1).

[18] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[19] *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[20] *Hall*, 935 F.2d at 1110.

[21] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[22] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[23] *Hall*, 935 F.2d at 1110.

[24] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

In both his original and amended complaints, Mr. Smith indicates he is asserting claims under 42 U.S.C §§ 1983 and 1985.[25] He has named as defendants the United States Marine Corps, the Utah Department of Corrections, and various prison officials.[26] He seeks monetary damages, immunity from criminal charges, and for the "officers involved to be disposed from any government office."[27]

To state a claim under section 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[28] And the plaintiff must "identify specific actions taken by particular defendants" in violation of his rights.[29] Section 1985 prohibits certain conspiracies to interfere with civil rights.[30] To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."[31]

The court found Mr. Smith's original complaint deficient because it lacked coherent factual allegations and failed to give the defendants fair notice of the nature and basis of his

---

[25] (*See* Compl., Doc. No. 1 at 1; Am. Compl., Doc. No. 26 at 1.)

[26] (*See* Compl., Doc. No. 1 at 1; Am. Compl., Doc. No. 26 at 1.)

[27] (*See* Am. Compl., Doc. No. 26 at 8; *see also* Compl., Doc. No. 1 at 6–7.)

[28] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[29] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (emphasis omitted) (internal quotation marks omitted).

[30] 42 U.S.C. § 1985.

[31] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983).

claims.³² The court noted Mr. Smith failed to identify any action taken by particular named defendants in violation of his federal rights under section 1983, and he failed to allege any specific facts to support a claim for conspiracy under section 1985.³³

      Mr. Smith's amended complaint fails to cure these deficiencies. As an initial matter, neither the United States Marine Corps nor the Utah Department of Corrections is a proper defendant under section 1983, because governmental entities are not "persons" subject to suit under this section.³⁴ With respect to the United States Marine Corps, Mr. Smith alleges as follows: "I was toothed (moler tooth [sic]) for conspiracy, torture (mind-control experiment) (ESB) ("satellite" product U.S.M.C.)."³⁵ These allegations are vague, incoherent, and fail to support any recognized legal claim. Further, the amended complaint makes no mention of the Utah Department of Corrections apart from listing it as a defendant in the caption.³⁶ For these reasons, Mr. Smith's amended complaint fails to state a cognizable claim against the United States Marine Corps or the Utah Department of Corrections.

---

³² (*See* Mem. Decision and Order to Am. Compl. 3–4, Doc. No. 25.)

³³ (*See id.*)

³⁴ *See McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (explaining that a governmental entity which is an arm of the state is not a "person" under section 1983); *Parker v. Bourdon*, No. 2:18-cv-00688, 2019 U.S. Dist. LEXIS 142190, at *10–11 (D. Utah July 5, 2019) (unpublished) (finding the Utah Department of Corrections was not a proper defendant under section 1983); *Vacek v. Ct. of Appeals*, No. CIV 07-1187, 2008 U.S. Dist. LEXIS 144667, at *5 (D.N.M. Apr. 28, 2008) (unpublished) (noting a federal agency is not a proper defendant under section 1983).

³⁵ (Am. Compl., Doc. No. 26 at 2.)

³⁶ (*See id.* at 1.)

With respect to the prison officials named as defendants, the amended complaint merely lists variations of the phrases "physical torture," "sexual assault," "officer assaults," and "sexual harassment" under each defendant's name.[37] But Mr. Smith offers no factual development regarding what occurred and how each defendant was involved. Elsewhere in the complaint, Mr. Smith alleges an "Officer Wade" physically assaulted him, gave him a black eye, and "threatened physical torture/torment."[38] However, Officer Wade is not a named defendant, and Mr. Smith fails to allege any connection between this incident and the named defendants. In other words, Mr. Smith fails to identify specific actions taken by particular defendants in violation of his rights, as required to state a viable section 1983 claim.[39] He also fails to allege any facts showing an agreement and concerted action, as required to state a claim for conspiracy. Accordingly, the amended complaint also fails to state cognizable claim for relief against the prison official defendants.

For these reasons, Mr. Smith's amended complaint fails to state a claim on which relief may be granted and is subject to dismissal.[40] Because the amended complaint fails to cure the deficiencies in the original complaint identified in the court's prior order, further opportunities for amendment would be futile. Therefore, dismissal with prejudice is appropriate.

---

[37] (*Id.* at 2–3.)

[38] (*Id.* at 4.)

[39] *See Pahls*, 718 F.3d at 1226.

[40] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Mr. Smith's claims lack merit, appointment of counsel is not warranted.[41] Accordingly, his motion for appointment of counsel[42] is denied. His motion for service of process[43] is also denied, as the claims are dismissed.

## CONCLUSION

Mr. Smith's motion for appointment of counsel and motion for service of process are denied, and this action is DISMISSED with prejudice.

DATED this 14th day of December, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[41] When deciding whether to appoint counsel in a civil case, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[42] (Doc. No. 27.)

[43] (Doc. No. 31.)